UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN WILLIS, R06715,

    Petitioner,

v.

TARRY WILLIAMS, Warden Stateville Correctional Center,

    Respondent.

No. 14 C 7442
Judge James B. Zagel

# MEMORANDUM OPINION AND ORDER

In 2006, following a second retrial, Mr. Willis was convicted by a jury on two counts of first degree murder in the shooting deaths of Alexander Clair and Jewel Washington. The court sentenced Mr. Willis to natural life imprisonment. The Illinois Appellate Court affirmed Mr. Willis's convictions and sentence on direct appeal, and the Illinois Supreme Court denied his petition for leave to appeal on September 29, 2010. Mr. Willis, represented by counsel, filed a postconviction petition on June 24, 2011 and an amended petition on July 22, 2011 in the Circuit Court of Cook County pursuant to 725 ILCS 5/122-1, *et seq*. The circuit court denied postconviction relief on October 17, 2011. This decision was affirmed by the Illinois Appellate Court, and the Illinois Supreme Court denied Mr. Willis's petition for leave to appeal.

On September 24, 2014, Mr. Willis, again with the assistance of counsel, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on the grounds that (1) Mr. Willis received ineffective assistance of trial and appellate counsel; (2) Mr. Willis is actually innocent; and (3) the state trial court erred in denying petitioner's postconviction petition without an evidentiary hearing. Currently before the court is Respondent's motion to dismiss with prejudice Mr. Willis's petition as untimely under 28 U.S.C. § 2244(d).

I. Respondent's Motion to Dismiss Petitioner's § 2254 Petition as Untimely

    1. Equitable Tolling: Extraordinary Circumstances

Under 28 U.S.C. § 2244(d)(1), habeas petitions are untimely if they are filed more than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." Here, Petitioner's convictions became final on December 28, 2010 after the time for seeking certiorari review from the United States Supreme Court expired, at which date the statute of limitations began to run. 178 days of untolled time elapsed from December 28, 2010 until Petitioner filed a postconviction petition in state court on June 24, 2011. The statute of limitations period was then tolled until September 25, 2013, when the Illinois Supreme Court denied petitioner's petition for leave to appeal. An additional 364 days of untolled time elapsed between September 25, 2013 and September 24, 2014, when Petitioner filed his §2254 petition.

Petitioner does not dispute that the statute of limitations had expired by the time the instant petition was filed, but contends that Mr. Willis's counsel, Mr. Dvorak, made a mistake—which occurred "through no fault" of Mr. Willis—in filing the petition after the expiration of the one-year statute of limitations period. Mr. Dvorak believes that his failure to timely file Petitioner's habeas petition constitutes attorney neglect and expressed his plan to report himself to the Attorney Registration and Disciplinary Commission ("ARDC"). Mr. Dvorak requests that he be allowed to withdraw from this case and that counsel be appointed to the Petitioner to investigate the level of attorney neglect and determine whether such neglect was "an extraordinary circumstance that warrants equitable tolling" of the statute of limitations on his petition for federal habeas relief. *Holland v. Florida,* 130 S.Ct. 2549, 2563 (2010).

There is, however, no need for an investigation and evidentiary hearing into the level of Mr. Dvorak's neglect. Equitable tolling is an extraordinary remedy that is rarely granted, *see Obriecht v. Foster,* 727 F.3d 744, 748 (7th Cir. 2013), and, in any case, it is well-established that miscalculations and misunderstandings of law do not constitute "extraordinary circumstances"

warranting equitable tolling. *Arrieta v. Battaglia,* 461 F.3d 861, 867 (7th Cir. 2006); *see also Obriecht,* 727 F.3d at 750 (quoting "attorney's misunderstanding or miscalculation of the AEDPA deadline alone does not constitute an extraordinary circumstance"); *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) (noting that "[t]he most one could say is that [petitioner's] lawyer misunderstood how to determine when a state petition is 'pending' for the purpose of § 2244(d)(2). That sort of error is not 'extraordinary'; it is all too common."); *Mueller v. Lemke,* No. 13 C 2903, 2014 WL 717032, at *5 (N.D. Ill. Feb. 20, 2014) (holding "mistakes, ignorance of the law, and miscalculation of the statute of limitations are 'garden variety' incidents of neglect that do not warrant equitable tolling"); *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (finding "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

Additionally, Petitioner has failed to show that Mr. Willis "diligently pursued his claim, despite the obstacle." *Holland,* 130 S.Ct. at 2559; *Tucker v. Kingston,* 538 F.3d 732, 734–35 (7th Cir. 2008). In *Holland*, the Court found that a state prisoner's attorney's failure to file a federal habeas petition in a timely fashion despite the prisoner's many admonitions on the importance of doing so, in apparently not doing the research necessary to ascertain filing deadline despite the fact that the prisoner's letters went so far as to identify applicable legal rules, in failing to provide the prisoner with information that he had requested so that he could monitor the case, and in failing to communicate with the prisoner over a period of years, rose to the level of an "extraordinary circumstance," sufficient to permit the equitable tolling of the one-year period of limitations. *Holland*, 560 U.S. 631 (2010). In contrast, there is no indication that Mr. Willis made any effort, no less diligent efforts, to pursue his habeas claim which Mr. Dvorak disregarded. Rather, Mr. Dvorak tried to comply with the filing deadline, but made a common—albeit fatal—miscalculation and missed Petitioner's deadline.

2. Equitable Tolling: Fundamental Miscarriage of Justice

Petitioner has also failed to demonstrate, in light of new evidence, that he is actually innocent such that failing to consider his untimely habeas petition would cause Petitioner to suffer a fundamental miscarriage of justice. Petitioner has the burden of rebutting the presumption of guilt and demonstrating innocence through "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Buie v. McAdory*, 341 F.3d 623, 627 (7th Cir. 2003); *Gomez v. Jaimet*, 350 F.3d at 679 (C.A.7 (Ill.), 2003) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 n.42 (1995). Petitioner must meet its burden by "establish[ing] that 'it [i]s more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Petitioner has failed to present evidence to satisfy this "demanding" standard. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (cautioning that "tenable actual-innocence…pleas are rare") (citing *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 2077, 165 L. Ed. 2d 1 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)). Petitioner argues that his trial counsel was ineffective for failing to call Mr. Willis's girlfriend, Ms. Shavonn Ingram, as an alibi witness and for failing to present evidence "pointing to [State witness Harry] Tanner as the actual shooter." While Petitioner contends that offering Ms. Ingram's testimony or presenting a different explanation for the results of Mr. Tanner's inconclusive gunshot residue test would demonstrate to the jury that Mr. Willis was innocent, given the evidence already presented at trial, this additional "new" evidence is insufficient to establish that it is more likely than not that no reasonable juror would have convicted him.

Petitioner federal habeas petition was filed untimely, and he is not entitled to equitable tolling. Therefore, Respondent's motion to dismiss is granted.

B. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254, this court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" of a habeas petition. To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003); *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims—as is the case here—a petitioner must also show that jurists could debate whether the court's procedural ruling was correct. *Id.* at 484–85.

Here, a reasonable jurist could not find it debatable that Petitioner failed to show extraordinary circumstances allowing him to file his petition for relief under 28 U.S.C. § 2254 outside of the one-year statute of limitations. Accordingly, I decline to issue a certificate of appealability.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 25, 2015